UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IRIS JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1996** |
| **LIFECELL CORPORATION** | **SECTION: "B" (4)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Rec. Doc. No. 4) pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7. Plaintiff Iris Johnson ("Plaintiff") filed opposition (Rec. Doc. No. 5) thereto and Defendant LifeCell Corporation ("Defendant") replied (Rec. Doc. No. 11). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Defendant's Motion to Dismiss be **DENIED without prejudice**.[1]

CAUSE OF ACTION AND FACTS OF THE CASE:

On November 11, 2009 Plaintiff underwent incisional hernia repair and had a Strattice medical mesh device ("Mesh"), developed and marketed by Defendant, implanted in her abdomen. On or about March 2010, Plaintiff complained of pain in her abdomen and

---

[1] We are grateful for the work on this case by Emily C. Byrd, a Loyola University New Orleans College of Law Extern with our Chambers.

physicians confirmed that Plaintiff developed a significant seroma[2] and infection in her abdomen. At the recommendation of the physicians, Plaintiff had the abbesses and wound drained and a vacu-pump implanted into her wound. On May 13, 2010, Plaintiff had surgery to remove the infection and the Mesh from her abdomen. Plaintiff is seeking damages from Defendant under Louisiana Revised Statute 9:2800(A) for products liability.

Plaintiff Iris Johnson, a citizen of Louisiana, filed this action on July 6, 2012 in state court against Defendant LifeCell Corporation, a foreign business organized under the laws of Delaware with its principal place of business in New Jersey. (Rec. Doc. No. 1). On August 10, 2012, Defendant filed the Motion to Dismiss. (Rec. Doc. No. 4-1). Plaintiff opposed the Motion on August 31, 2012. (Rec. Doc. No. 5). Defendant filed a Reply Memorandum on September 5, 2012. (Rec. Doc. No. 11).

## LAW AND ANALYSIS

**A. Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a complaint to be dismissed for failure to state a claim upon which relief can be granted. *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 552 (2007). A motion to dismiss under 12(b)(6) attacks the legal

---

[2] A seroma is a pocket of clear fluid that sometimes develops in the body after surgery.

sufficiency of the complaint. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Additionally, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombley*, 550 U.S. at 555. A plaintiff has an "obligation to provide the 'grounds' for his 'entitlement to relief', [and that] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* In order for a complaint to survive a motion to dismiss, it must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). For a court to determine the plausibility of a claim, a court is required to draw on its common sense and experience in a context specific manner. *Iqbal*, 556 U.S. at 678.

The Supreme Court in *Iqbal* set forth a two-step approach to determine whether a pleading states a plausible claim for relief. *Id.* at 678. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to assumptions of truth." *Id.* at 679. After identifying the well-pleaded factual allegations, the court must then "assume their

veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.*

**B. Prescription in Louisiana and Contra Non Valentem**

In Louisiana, tort actions are subject to a liberative prescription of one year. L<small>A</small>. C<small>IV</small>. C<small>ODE</small> art. 3492 (2012); *Delahoussaye v. Thibodeaux*, 498 So. 2d 1137, 1138 (La. App. 3d Cir. 1986). Liberative prescription is a mode of barring an action as a result of inaction for a period of time. L<small>A</small>. C<small>IV</small>. C<small>ODE</small> art. 3447 (2012). Louisiana Civil Code article 3456 provides that if a "prescriptive period consists of one or more years, as is the case for liberative prescription applicable to delictual claims, prescription accrues upon the expiration of the day of the last year that corresponds with the date of the commencement of prescription."

*Contra non valentem* is a civil law doctrine that allows for prescription to be suspended in "exceptional circumstances." *Marin v. Exxon Mobil Corp.*, 48 So.3d 234, 245 (La. 2010). The Supreme Court of Louisiana has recognized four circumstances where the doctrine of *contra non valentem* is applied to suspend the running of prescription:

> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;

4

>   (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
>   (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
>   **(4) where the cause of action is neither known or reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.**

*Marin v. Exxon Mobil Corp.*, 48 So. 3d 234, 245 (La. 2010)(citing *Plaquemines Parish Comm'n Council v. Delta Dev. Co., Inc.*, 502 So.2d 1034 (La.1987)(emphasis added).

*Contra non valentem* is only applicable in the aforementioned exceptional circumstances and "will not exempt the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned." *Marin,* 48 So.3d at 245-46. While the defendant has the burden of proving expiration of prescription, the burden shifts to plaintiff to prove a valid reason for interrupting prescription "including but not limited to doctrine of *contra non valentem. . .*" *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002).

Prescription begins "from the date on which [a plaintiff] first suffered actual and appreciable damage, . . . even though he may thereafter come to a more precise realization of the damages he has already incurred or incur further damages as a result of the completed tortious act." *Marin*, 48 So.3d at 246. Furthermore, Plaintiff must have "knowledge of the tortious act, the damage

5

caused by the tortious act, and the causal link between the act and the damage before one can be said to have 'constructive notice' of one's cause of action." *Ducre v. Mine Safety Appliances*, 963 F.2d 757, 760 (5th Cir. 1992)(citing *Knaps v. B & B Chem. Co. Inc.*, 828 F.2d 1138, 1139 (5th Cir. 1987)). Mere apprehension that something might be wrong is not sufficient. *Beth Israel v. Bartley, Inc.*, 579 So. 2d 1066, 1072 (La. Ct. App. 1991) *writ denied sub nom. Israel v. Bartley, Inc.,* 587 So. 2d 696 (La. 1991).

In the case at bar, both Plaintiff and Defendant concede that Plaintiff's action was filed after the one year prescriptive period had run, and the issue here is whether Plaintiff met the standard for suspension of the prescriptive period under the doctrine of *contra non valentem*. Although, *contra non valentem* is seldom used and reserved for exceptional circumstance, exceptions have arisen in this Court; "where the cause of action is neither known or reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant." *Jenkins v. Starns*, 85 So.3d 612, 623 (La. 2012). In *Pierce v. American Medical Systems, Inc.,*[3] multiple sets of Plaintiffs became aware of an alleged defective device through an advertisement. The plaintiffs in *Pierce* alleged defective penile implants, but brought their actions outside the one year prescriptive period. The court in that case found that plaintiffs had to meet a burden of proving their

---

[3] 1997 U.S. Dist. Lexis 20304, (E.D. La. 1997).

ignorance was reasonable and were justified in delaying their suit. *Id*. at 11.

In *Pierce*, the Pierces were barred from bringing suit as the Court found that several surgeries to correct the device would serve as constructive notice of the defect. However in the same order, the Deforest Plaintiffs were not barred, due to the fact that Mr. Deforest suffered an infection at the same time he was experiencing difficulties with the implant, and the Court deemed it was reasonable to believe that the defect of the device was a result of the infection and not the device itself. Moreover, the Court found the Deforest Plaintiffs eligible to avail themselves of *contra non valentum* in order to bring their claim in Federal Court. Similarly, Plaintiff in the case at bar, alleges that her post-operative infection makes *contra non valentem* available to her because the defect and removal of the Mesh could be attributed to the infection.

However, in the *Touro Infirmary v. Henderson*, the Louisiana Forth Circuit Appeals Court found *contra non valentum* did not apply where the Plaintiff did not produce evidence to support her allegation that she relied on her insurer's actions when she failed to make her claim within the policy's prescriptive period. *Touro Infirmary v. Henderson*, 666 So.2d 686, 689-90 (La. App. 4th Cir. 1995). This Court finds *Pierce* to be the controlling law in the case at bar, despite *Henderson* weighing heavily in favor of

Defendants, due to Plaintiff's failure to pursue the cause of infection and need to remove the Mesh until over a year later. Injured persons should not merely rely upon television ads as basis to begin their own common sense inquiries into the causes of their injuries.

But, viewing well-pleaded facts in a light most favorable to Plaintiff, her factual allegations meet the threshold to survive an action to dismiss on the basis of *contra non valentem*. Plaintiff appears to have reasonably thought the post-operative infection as the source of her problems with the Mesh, rather then the Mesh itself having a defect. It appears from the face of the pleadings that Plaintiff may use precedent in a sister court to avail herself of *contra non valentem*. Thus, prescription would not have begun when Plaintiff had the Mesh removed and this action would be appropriately heard before this Court.

New Orleans, Louisiana, this 8th day of November, 2012.

_____
UNITED STATES DISTRICT JUDGE